ETHEL F. SOLE AND ANOTHER v. MINNEAPOLIS
STREET RAILWAY COMPANY AND ANOTHER.[1]

May 21, 1954.

No. 36,165.

*Freeman, Larson & Peterson,* for appellants.

*Vennum, Neville, Wright & Newhall* and *Philip Neville* of *Neville, Hachey & Johnson,* for respondents.

KNUTSON, JUSTICE.

Appeal from an order of the district court denying defendants' motion for judgment notwithstanding the verdict or for a new trial.

Thirty-eighth street in the city of Minneapolis runs substantially east and west. Nicollet avenue runs north and south. Traffic at the intersection of these two streets, at the time in question, was controlled by a so-called "bobby" signal in the center of the intersection. Two sets of streetcar tracks run along the central portion of Nicollet avenue.

---

[1] Reported in 64 N. W. (2d) 536.

On August 23, 1950, at about 6:45 p. m., plaintiff alighted from a bus which was traveling west on Thirty-eighth street at the northeast corner of the intersection, intending to cross Nicollet avenue to the northwest corner of the intersection, where she would board a southbound streetcar. When she started to cross the street the traffic signal read "Go" in her favor. When she was slightly more than halfway across the street she was struck by a bus owned by defendant Minneapolis Street Railway Company and driven by defendant Fred Parker, which had come from the west on Thirty-eighth street, approached the intersection, and made a left-hand turn to go north on Nicollet avenue. Before she started across the street, plaintiff looked both north and south and saw no traffic coming within the area in which she would be traveling. Thereafter, she failed to see the bus which struck her until it was almost upon her. Defendant Parker, on the other hand, did not see plaintiff at all until he struck her, even though it was a clear day and it was broad daylight.

Defendants would have us hold that plaintiff was guilty of contributory negligence as a matter of law in failing to see and avoid the bus. It would serve no useful purpose to set forth in greater detail the evidence in this case. We have carefully examined the record, and it is clear that defendants' negligence and plaintiff's contributory negligence were both questions for the jury. We have also carefully considered the cases cited by defendants and are convinced that none thereof compel a conclusion that plaintiff was guilty of contributory negligence as a matter of law.

Affirmed.